# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LATELLE J. BARTON, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15 CV 4149 |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| UNISERV CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Latelle J. Barton, Jr. ("Plaintiff") was hired in 2014 to teach three classes at the Caribbean Medical University ("CMU") on the Island of Curacao in the Dutch Antilles. After his employment with CMU ended, Plaintiff sued Defendants Uniserv Corp. ("Uniserv"), CMU, and Radoslaw Lewkowski ("Lewkowski") (collectively, "Defendants") alleging various forms of employment discrimination. Before the Court are several motions regarding the preliminary pleading stages of this case. The Court's ruling on these motions is entered as follows.

### I. BACKGROUND

Plaintiff filed this lawsuit on May 11, 2015, originally *pro se,* after his employment as a professor at CMU's campus on the island of Curacao ended on April 16, 2015. Plaintiff named a single Defendant in his Complaint, "Uniserv Corp. d.b.a. Caribbean Medical University." Compl. 1. Accompanying Plaintiff's Complaint was an application to proceed *in forma pauperis*, which the Court granted. Also filed with the Complaint was Plaintiff's Motion for Attorney Representation, which the Court denied, but allowed Plaintiff leave to request court-appointed counsel at a later time.

Prior to filing the Complaint, Plaintiff (who lives in Redondo Beach, California) filed a Charge of Discrimination against CMU with the Illinois Department of Human Rights and the U.S. Equal Employment Opportunity Commission ("EEOC"). He filed the Charge of Discrimination on February 26, 2015, while still employed. Plaintiff alleged that he suffered discrimination in the form of improper wage withholding, discipline, and harassment. He believed that the discrimination occurred because he was over the age of fifty and was engaged in a protected activity. He did not describe the protected activity. The Court presumes that he filed the charge in Illinois because according to CMU's letterhead and website its United States office is located in Suite 800 at 5600 North River Road in Des Plaines, Illinois. Plaintiff subsequently received a Dismissal and Notice of Rights letter from the EEOC on March 31, 2015, and timely filed his Complaint.

As a result of the Court granting Plaintiff's *in forma pauperis* application, the U.S. Marshall attempted service on Uniserv. The Marshall's attempt has been returned unexecuted because the "address is a Regis rented space by the University and only 'virtually' there and not actually present." Process Receipt and Return 1, ECF No. 20 (Oct. 22, 2015). Plaintiff personally appeared at the initial status hearing on November 11, 2015, but no defendant had yet been served.

Plaintiff's attorney entered her appearance and filed an Amended Complaint on January 8, 2016, as a matter of course pursuant to Fed. R. Civ. P. 15(a). Plaintiff set forth two causes of action in his Amended Complaint: one count for a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; and one count for a violation of Title VII, 42 U.S.C. § 2000e-3(a), which he titles "Retaliation for Participation." Am. Compl. 5, ECF No. 25 (January 8, 2016). Plaintiff named Uniserv, CMU, and Radoslaw Lewkowski, who is the

President of Uniserv and Chief Executive Officer of CMU, as defendants. It is impossible to discern which of the two counts are alleged against which of the three Defendants because the counts do not explicitly separate or include specific Defendants and Plaintiff inadvertently switches between "Defendants" and Defendant" throughout the Amended Complaint. It is also notable that the Amended Complaint is absent any state-law claims, such as, a breach of contract, a violation of a state statute, or a tort claim.

Eventually, with the assistance of counsel, Plaintiff executed service. Plaintiff filed two Proof of Service forms with the Court on January 26, 2016. Plaintiff served Uniserv by having an agent send the summons as certified mail to 932 East Rand Road, Suite 18, in Mount Prospect, Illinois via the United States Post Office. Plaintiff served Lewkowski also by certified mail, but sent the summons to 5 Lakeside Court in Barrington, Illinois. Plaintiff did not send a summons separately to CMU, but instead, simply listed CMU on the same Proof of Service form that he filed for Uniserv. On March 18, 2016, Plaintiff filed a third Proof of Service form, this time listing CMU individually. The form stated that on February 25, 2016, Plaintiff's agent personally served an individual named Marco Arana at 5600 North River Road, Suite 800, in Des Plaines, Illinois.

Meanwhile, two attorneys entered appearances on behalf of Uniserv and Lewkowski. On March 17, 2016, Uniserv and Lewkowski answered the Amended Complaint. Attached to the Answer was Lewkowski's affidavit stating that he is the "President of Uniserv Corporation" and that "Uniserv is registered with the Illinois Secretary of State to do business under the assumed name Caribbean Medical University so that it can perform administrative services on behalf of Caribbean Medical University, B.V., a private limited liability company organized and existing under the laws of Curacao, in the United States." Aff. Radoslaw Lewkowski 1, Answer Ex. C,

3

ECF No. 33 (Mar. 17, 2016). The Answer also raised three affirmative defenses: (1) Plaintiff failed to exhaust his claim against Uniserv before the EEOC; (2) subject matter jurisdiction over Uniserv does not exist; and (3) CMU declined to renew Plaintiff's contract for permissible reasons other than his age.

The same day as filing the Answer, Uniserv and Lewkowski filed a motion for judgment on the pleadings pursuant to Rule 12(c). They included copies of their business entity registrations as exhibits to their memorandum. Uniserv is incorporated in Illinois. CMU is registered in Curacao. On the Curacao registration, Lewkowski is listed as an official for CMU with the title Managing Director and Ryan Cameron Jackson is also listed as an official; he has the same title as Lewkowski. Also attached to the memorandum is an Employment Agreement executed on October 12, 2014, which appears to be signed by Plaintiff and Millicent Gracia, another Managing Director for CMU. Finally, Plaintiff's EEOC documents, the Charge of Discrimination and the Dismissal and Notice of Rights letter, are also attached. The Court set a briefing schedule for the motion; it is now fully briefed and will be addressed in the Court's forthcoming analysis.

The same two attorneys who entered appearances on behalf of Uniserv and Lewkowski entered their appearances on behalf of CMU on March 25, 2016. Also that day, CMU filed a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) and noticed the motion for presentment on April 1, 2016. Neither Plaintiff nor his attorney appeared at the April 1st hearing. The Court granted CMU's motion and CMU was dismissed from the case.

Since CMU's dismissal, Plaintiff has filed three motions essentially requesting the same relief. First, Plaintiff filed a motion asking the Court to clarify its April 1st Order. Second, Plaintiff filed a motion asking the Court to reconsider its April 1st Order. Then, Plaintiff

4

amended his motion for reconsideration, but did not withdraw either of the previous two motions. None of Plaintiff's motions include any evidentiary submissions; for example, no affidavits from the process servers or no affidavit from Mr. Arano (the individual who received the service intended for CMU). CMU responded to Plaintiff's amended motion only. These three motions are now before the Court.

## II. DISCUSSION

### A. Plaintiff's Motion for Clarification of the Court's Order Entered on April 1, 2016

The Court first turns to Plaintiff's motion for clarification. This motion does not state any Federal Rule of Civil Procedure that permits such a request. It has been a long-standing rule that all motions must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B); see also Stinebower v. Scala, 331 F.2d 366, 367-68 (7th Cir. 1964). Plaintiff states no grounds for the Court to repeat or clarify its earlier Order. The Court's Order is adequately represented by the Minute Entry entered on April 1st and further explained in the transcript recorded during the hearing. Furthermore, at the April 22, 2016 hearing, the Court asked Plaintiff's counsel if she had requested a transcript, she had not. Since that hearing, Plaintiff purchased a transcript. This is evident because Plaintiff attached a copy of the transcript to his pleading filed July 1, 2016. Because, no Federal Rule provides for the relief that Plaintiff requests and the April 1st Minute Entry and transcript speak for themselves, Plaintiff's motion for clarification is denied.

### B. Plaintiff's Motion for Reconsideration of the Court's April 1st Order

The Court next turns to Plaintiff's motion for reconsideration. Once again, Plaintiff's motion is void of any reference to a Federal Rule that authorizes the filing of such a motion.

5

Regardless, the Court strikes the motion pursuant to Rule 12(f) because it is redundant of Plaintiff's amended motion for reconsideration.

**C. Plaintiff's Amended Motion for Reconsideration of the Court's April 1st Order**

Next, the Court turns to Plaintiff's amended motion requesting that the Court reconsider its April 1st Order. Plaintiff cites Rule 60(b)(1) and (6) and makes two arguments. First, Plaintiff argues that Mr. Arana represented to the process server that he was authorized to receive service on behalf of CMU. Additionally, Plaintiff contends that the service upon Lewkowski suffices as service for CMU because Lewkowski is the Managing Director for CMU. Plaintiff argues that this is new evidence because he and his counsel were not present at the April 1st status hearing, but if they were, this evidence would have been presented. The Court rejects Plaintiff's argument that this is new evidence. This evidence was readily available before April 1st. In the third Proof of Service form that Plaintiff filed, he claims to have left service with Mr. Arana on February 25th. Plaintiff also definitively knew on March 25th that Lewkowski was an official for CMU because a copy of the business registration was attached to CMU's motion to dismiss. Moreover, Plaintiff has not actually submitted any evidence with his motions. And finally, Plaintiff does not argue the motion under Rule 60(b)(2), which permits an order to be set aside on the basis of newly presented evidence.

Rule 60(b)(1) allows for relief from an order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Plaintiff's counsel explains that she "made no arrangements for a colleague to take her place in another court proceeding on the same date and time." Am. Mot. Reconsider Order 1-2, ECF No. 66 (June 8, 2016). She admits, although "[w]ith much regret and embarrassment," that because of her failure to appear at the April 1st status hearing her client

was not able to defend against CMU's motion. Id. at 2. The Court finds Plaintiff's counsel's plea for mercy unpersuasive and unsupported by legal precedent.

As the Supreme Court has admonished, "a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993); see also Moje v. Federal Hockey League, LLC, 792 F.3d 756, 758 (7th Cir. 2015) ("a lawyer's errors are imputed to the client"). The subjective explanation for counsel's transgression is of little concern to the Court as a consideration to vacate its earlier order. See Pioneer Inv. Servs. Co., 507 U.S. at 398 ("we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time…"). Therefore, the Court finds that counsel's dereliction of her legal duties is unacceptable and not a basis for vacating the order dismissing CMU from this lawsuit.

However, there may be other reasons that justify vacating an earlier ruling. While the discretion to grant or deny a motion under Rule 60(b) is left to the district court, the Seventh Circuit has counseled that three factors should be taken into consideration when reviewing a Rule 60(b)(1) motion in the context of vacating a default judgment. The same factors can be applied in this instance—determining whether to vacate a dismissal order. The Rule 60(b)(1) standard requires the movant to "demonstrate good cause for the [dismissal], quick action to correct it, and a meritorious case." Trade Well Int'l v. United Central Bank, --- F.3d ---, 2016 WL 3361682 *4 (7th Cir. June 17, 2016); see also Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994) (As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) "good cause" for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to

7

the original complaint.). Applying the standard here, the Court considers whether: (1) Plaintiff and his counsel had good cause for not appearing at the April 1st hearing; (2) Plaintiff took quick action to vacate the dismissal; and (3) Plaintiff had a meritorious defense to CMU's motion to dismiss.

Plaintiff resides in California and is represented by counsel, so the Court would not expect him to appear in person at the April 1st hearing. Regarding Plaintiff's attorney's failure to appear, she asserts that she relied upon defense counsel's speculation that the Court would enter a briefing schedule on CMU's motion to dismiss for insufficient service of process. Her assertion is embedded in the body of the motion; it is not stated by way of an affidavit. She also presumed that an order would not be entered on April 1st, so she did not arrange her schedule to appear in person and she did not file a motion notifying the Court of a scheduling conflict. In the response to Plaintiff's motion, defense counsel for CMU does not mention anything regarding Plaintiff's attorney's averment about defense counsel's representation of the Court's hearing practices. On this sparse record it is impossible to conclude that defense counsel's pre-hearing representation was dubious. But it makes no sense why Plaintiff's attorney would rely on defense counsel's prognostication of what the Court will do. The Court finds that there is no need to delve further into the factor of good cause because the following two factors weigh in favor of vacatur. It suffices to say that Plaintiff's attorney's inadvertence is not fatal to the 60(b) motion. Compare with Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004) (where the attorney's repeated failure to adhere to the Court's scheduling orders was inexcusable).

The Court finds that Plaintiff took action quickly to contest the dismissal of CMU. The Court dismissed CMU from the case on April 1st. Plaintiff initially responded by filing a motion for clarification on April 19th, a little more than two weeks after the Court's Order.

Most important of the three factors, Plaintiff had a meritorious defense to CMU's motion. To properly serve a corporation, foreign or domestic, a plaintiff may deliver "a copy of the summons and of the complaint to an officer" of the corporation. Fed. R. 4(1)(B). The summons and complaint may be delivered by mail. Id. As Lewkowski admits, he is an officer of CMU. See Defs. Uniserv and Lewkowski's Mem. Law Supp. Mot. J. Pleadings 7, ECF No. 35 (March 17, 2016) ("Lewkowski is the CEO of CMU"). He received service of process in January. Although not performed in an organized and efficient manner, the Court finds that the actions taken by Plaintiff to effectuate service on CMU were sufficient to comply with Rule 4. Plaintiff would have had a meritorious defense on April 1st, had one been presented during the initial in-court hearing. For these foregoing reasons, the Court vacates its April 1st Order and reinstates CMU as a defendant in this case. Accordingly, the Court does not endeavor any further and does not address Plaintiff's arguement under Rule 60(b)(6).

**D. Uniserv and Lewkowski's Motion for Judgment on the Pleadings**

Uniserv and Lewkowski argue five legal theories why Plaintiff's Amended Complaint should be dismissed with prejudice. The Court addresses each argument individually, but only reaches the third because it requires dismissal of Plaintiff's Amended Complaint. However, the dismissal is without prejudice.

First, is the argument that Lewkowski is not an "employer" as defined by the ADEA or Title VII, so he cannot be sued as a defendant under the two causes of action alleged by Plaintiff. The Court finds this argument meritorious. At the beginning of the year the district court reiterated that:

> [An individual defendant] cannot be held liable in her individual capacity as [plaintiff's] supervisor for his claims under the ADA or Title VII—only the [company] (his actual employer) can. Nor may [the individual defendant] be held individually liable for [plaintiff's] claim under the ADEA.

See Igasaki v. Ill. Dep't Fin. Pro. Reg., Case No. 15-cv-3693, 2016 WL 232434 *3 (N.D. Ill. Jan. 20, 2016) (internal citations omitted); see also Gastineau v. Fleet Mortg. Corp., 137 F.3d 490, 494 (7th Cir. 1998). This case is almost the exact scenario as discussed in Igasaki. Lewkowski is an officer of CMU and supervised Plaintiff; therefore, cannot be held personally liable for claims under the ADEA or Title VII. Plaintiff's responsive argument rooted is in the Illinois Human Rights Act ("IHRA"), but as noted earlier, Plaintiff's Amended Complaint does not allege a claim under the IHRA. The Court rejects Plaintiff's counter-argument. Plaintiff's ADEA and Title VII and claims against Lewkowski are dismissed with prejudice.

Second, Uniserv argues that the Court does not have subject matter jurisdiction over it because it is not Plaintiff's employer—Plaintiff was employed by CMU. To support this argument, Uniserv states that "Plaintiff signed the Employment Agreement with CMU" and it has included the agreement as Exhibit D. Defs. Uniserv and Lewkowski's Mem. Law Supp. Mot. J. Pleadings 7. In response, Plaintiff takes the "position that the employment contract presented by Defendants as an exhibit is a fake and someone has forged his signature." Pl.'s Resp. Opposition Def. Uniserv and Lewkowski's Mot. J. Pleadings 1, ECF No. 56 (May 9, 2016). He maintains that "[a]t no point during his employment did he sign an employment contract regarding this position." Id. In support of his position, Plaintiff submitted a declaration subject to the penalty of perjury and copies of his passport and driver's license, which bear his signature. Plaintiff's signatures on his government issued identification are consistent with each other and are significantly different than the signature on the Employment Agreement. Whether Defendants submitted a forged document is an important issue; however, this is an issue of fact and will not be resolved at this juncture. Similarly, the capacity in which Plaintiff was employed

by Uniserv and CMU is a question of fact that cannot be resolved on the pleadings. Accordingly, this argument is not a basis for dismissing Uniserv from the lawsuit.

Next, Uniserv argues that it employs too few employees for the ADEA and Title VII to apply. Title VII only applies to employers that have "fifteen or more employees," 42 U.S.C. § 2000(e)(b), and the ADEA only regulates employers with "twenty or more employees," 29 U.S.C. § 630(b). While the number of employees that a defendant employs is not a jurisdictional issue, it is an essential element of Title VII and the ADEA. Arbaugh v. Y&H Corp., 546 U.S. 500, 503 (2006) (Title VII case); Bridge v. New Holland Logansport, Inc., 815 F.3d 356, 360 (7th Cir. Mar. 9, 2016) (ADEA case). A plaintiff cannot state a plausible claim without pleading the adequate number of employees, Arbaugh, 546 U.S. at 507, and Uniserv has properly raised the defense in its motion for judgment on the pleadings.

Plaintiff's Amended Complaint is absent of any allegation that Uniserv employed the statutorily requisite number of employers. Plaintiff could have even supplemented his Amended Complaint by including the number of Uniserv's employees in an affidavit or brief, see United States ex rel. Hanna v. City of Chicago, Case No. 15-3305 (7th Cir. Aug. 22, 2016), but he did not. Without an iota of proof, Plaintiff simply concludes that "Uniserv and CMU as a single employer does meet Title VII and the ADEA's numerosity requirement for an employer and should not be dismissed from the case." Pl.'s Resp. Opposition Def. Uniserv and Lewkowski's Mot. J. Pleadings 10. The only evidence in the record regarding Uniserv's employment numbers is an affidavit submitted by Lewkowski, in which he states the number is three—obviously not enough to meet the statutory minimum. Thus, Plaintiff's Amended Complaint must be dismissed.

However, in light of the Court's vacatur of CMU's dismissal from the case and CMU's advertisement that it has a student population of 684 students and a low student to teacher ratio,

see About CMU, *available at* www.cmumed.org/about/index.htm (last visited on August 30, 2016), it is plausible that CMU employs more than twenty employees and Plaintiff could adequately state a claim against CMU.[1] Plaintiff is granted leave to amend his complaint for a third time. Because Plaintiff's Amended Complaint is dismissed, the Court does not reach the remaining arguments lodged by Uniserv and Lewkowski. Nonetheless, Plaintiff should remedy all pleading deficiencies before filing another complaint, not just the inadequacies explicitly discussed in this Order.

### III. Conclusion

Plaintiff's Motion Asking for Clarification of Order Dated April 1, 2016 is denied. Plaintiff's Motion to Reconsider Order is stricken. Plaintiff's Amended Motion to Reconsider Order is granted. Defendants Uniserv Corp. and Radoslaw Lewkowski's Memorandum of Law in Support of Their Motion for Judgment on the Pleadings is granted to the extent that Plaintiff's Amended Complaint is dismissed. However, Plaintiff is granted leave to file an amended complaint on or before September 30, 2016.

IT IS SO ORDERED.

ENTER:

*/s/ Charles Norgle/*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 30, 2016

---

[1] Defendants argue that the "Supreme Court has unequivocally held that federal employment discrimination statutes do not apply to foreign corporations operating outside of the United States. *E.E.O.C. v. Arabian Am. Oil Co.*, 499 U.S. 244, 249 (1991)." Defs. Uniserv and Lewkowski's Mem. Law Supp. Mot. J. Pleadings 1-2. But Defendants' argument, which conflates the two statutes, completely neglects a couple key items. One is the fact that the ADEA "includes any individual who is a citizen of the United States employed by an employer in a workplace in a foreign country." 29 U.S.C. § 630(f). The second is that after EEOC v. Arabian Am. Oil Co., "Congress subsequently amended Title VII to extend protection to United States citizens working overseas." Arbaugh, 546 U.S at 512, fn. 8; see also Shekoyan v. Sibley Int'l Corp., 217 F.Supp.2d 59, 65 (N.D. Ill. 2002); Gantchar v. United Airlines, Inc., 1995 WL 137053 *4 (N.D. Ill. 1995). Thus, the lone fact that CMU is a foreign entity does not preclude Plaintiff's federal employment discrimination claims.